PATRICK McNULTY, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

First Department, November 2, 1923.

Civil service — wireman in bureau of fire alarm telegraph in fire department of city of New York appointed from classified civil service list and paid salary is not employee under Labor Law, §§ 2 and 220, subd. 3 — not entitled to recover difference between salary and prevailing wages.

A wireman in the bureau of fire alarm telegraph in the fire department in the city of New York, who is appointed from the classified civil service list and paid a salary fixed in the annual budget, is not an employee within the meaning

of that term as defined by section 2 of the Labor Law and is not entitled to the prevailing rate of wages as provided by subdivision 3 of section 220 of the Labor Law which subdivision provides that laborers, workmen or mechanics employed by municipal corporations upon public works shall be paid not less than the prevailing rate for a day's work in the same trade or occupation in the locality in which such work is performed.

Accordingly, such employee cannot recover from the city of New York the difference between his salary and the prevailing rate of wages in the same trade or occupation.

APPEAL by the defendant, The City of New York, from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 14th day of June, 1923, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, First District, in favor of the plaintiff.

*George P. Nicholson, Corporation Counsel,* for the appellant.

*Maurice Breen,* for the respondent.

McAvoy, J.:

The plaintiff is a wireman in the bureau of fire alarm telegraph in the fire department of the city of New York. The action seeks to recover the sum of $508.85 as the difference between the salary paid him for the period from January 1, 1921, to and including September 15, 1921, and the prevailing rate of wages for his class of employment. Article 8, section 220, subdivision 3, of the Labor Law of 1921 provides that laborers, workmen or mechanics employed by the State or municipal corporations upon public works shall be paid not less than the prevailing rate for a day's work in the same trade or occupation in the locality in which such work is performed. (See, also, Labor Law of 1909, § 3, as amd. by Laws of 1916, chap. 152.)

The plaintiff's first employment was in the position of ground man in the fire department in 1898, at an annual salary of $912. Thereafter, and on or about May 1, 1919, he was promoted to wireman in the bureau of fire alarm telegraph in the fire department at an annual salary of $1,300.

Five wiremen in the telegraph bureau of the fire department did not receive the twenty-two per cent salary increase granted to other city employees which became effective on August 20, 1920, and the fire commissioner requested that such wiremen be given the same consideration granted to other employees and that the salary schedule be changed by increasing the annual salary of one wireman from $1,560 to $1,872, and the other four from $1,495 to $1,823.

The board of estimate and apportionment passed a resolution

recommending to the board of aldermen the establishment in the fire department of the grades of positions, in addition to those previously established, effective August 20, 1920, referred to by the fire commissioner in his request.

Thereafter a resolution fixing said salaries was adopted by the board of aldermen on March 8, 1921, and approved by the mayor on March twenty-fourth, and the plaintiff was paid at the rate of $1,823 per annum from August 20, 1920, to December 31, 1920. The plaintiff continued to receive salary at the rate of $1,823 per annum from January 1, 1921, to September 15, 1921, the period embraced within this action.

The budget for the year 1921 provided for five wiremen in the fire department, one at $1,560 per annum, and four at $1,495 per annum.

The question which is mooted here is: May a person appointed to a position in the classified civil service at an annual salary and not working for hire or wages paid per diem or per month be paid the prevailing rate of wages under the Labor Law?

The provisions of the Labor Law of 1909 (§ 2, subd. 1, as amd. by Laws of 1917, chap. 694) which define an "employee" read: "§ 2. Definitions. 1. Whenever used in this chapter: The term 'employee' means a mechanic, workingman or laborer who works for another for hire."

The Labor Law was revised in 1921 by chapter 50 of the laws of that year (Consol. Laws, chap. 31), but subdivision 5 of section 2 of that act did not essentially change this definition. It would seem to be obvious from the recital of the fixation of this plaintiff's status by the board of estimate and apportionment and by the board of aldermen pursuant to the Greater New York charter that he cannot be considered a mechanic, workman or laborer working for hire. The word "hire" cannot be applied to a person holding a position in the classified lists under the Civil Service Law who is appointed to a position from competitive lists. No contract of hire is made with any one so appointed. He accepts a position at a definite salary fixed in advance in the budgetary items of the department of which he becomes a member.

He is paid an annual salary, not wages, as this term is recognized in common and usual parlance. Wages of mechanics, laborers or workmen may change monthly or weekly depending upon economic conditions in their trades or occupations. A budgetary salary is immovable except upon resolution of the proper boards of the municipality as provided by law.

A person appointed as plaintiff was is not in competitive wage earning with those of his craft who are employed by the day or

**490** New York Title & Mortgage Co. *v.* Title G. & T. Co.

First Department, November, 1923. [Vol. 206

week and the city pays a salaried person whether there be daily use of his service or not, so long as he is upon the city's service lists. The per diem employee may go and come as he lists, now with the city and now in private employment, but when at city work he must receive the prevailing rate which is paid to workmen in the same trade or occupation.

There is a complete divergence between these classes, and the tenor of the act, the Labor Law, shows it.

We think the judgment allowing a recovery for the amount of excess of the prevailing wage over plaintiff's salary was wrong and that the determination and judgment should be reversed, with costs in this court and the Appellate Term, and the complaint dismissed, with costs.

Clarke, P. J., Smith, Finch and Martin, JJ., concur.

Determination of the Appellate Term and judgment of the Municipal Court reversed, with costs to the appellant in this court and in the Appellate Term, and the complaint dismissed, with costs.